Phil JACOBS et al., Plaintiffs-Appellants,

v.

Ken KUNES and County of Maricopa, Defendants-Appellees.

No. 75–3146.

United States Court of Appeals, Ninth Circuit.

Aug. 20, 1976.

Rehearing Denied Sept. 14, 1976.

Walter R. Ulman (argued), of Gorey & Ely, Phoenix, Ariz., for plaintiffs-appellants.

Olgerd W. Kalyna (argued), of Beer, Kalyna & Simon, Phoenix, Ariz., for defendants-appellees.

## OPINION

Before WRIGHT, CHOY and GOODWIN, Circuit Judges.

CHOY, Circuit Judge:

Defendant Kunes is the County Assessor of Maricopa County, Arizona. His office assesses property, collects some taxes, and handles motor vehicle licensing. The plaintiffs were employed in the Assessor's office.

Kunes, in response to customer comments, issued a memo requiring that male employees wear their hair cut above the collar. Three employees complied. When the plaintiffs did not, they were suspended and eventually fired.

Plaintiffs thereupon brought a Civil Rights Act, 42 U.S.C. § 1983, action in federal district court under 28 U.S.C. § 1343. They alleged violations of their first, ninth, and fourteenth (both equal protection and due process) amendment rights.

The district court dismissed the action on the merits,[1] and for lack of exhaustion of administrative remedies.

Plaintiffs appeal. We affirm in part, reverse in part and remand in part.

### *Exhaustion*

■ As the purpose of the administrative remedy provided by Ariz.Rev.Stat. § 11–356

---

1. The motion to dismiss was made under Fed. R.Civ.P. 12(b)(6), or alternately for summary judgment under Fed.R.Civ.P. 56. The district judge did not indicate on which the dismissal was based. We will treat it as a summary judgment because the district judge had to look at at least the merit system rules in addition to the pleadings. It does not make any difference for the result.

and Maricopa County Merit System Rule (Merit Rule) 11 is to remedy, rather than forestall, a deprivation, plaintiffs were not required to exhaust it. *Whitner v. Davis,* 410 F.2d 24, 28–29 (9th Cir. 1969).

### Substantive Constitutional Claims

■ Plaintiffs argue that the hair length requirements (hereinafter "regulation") impinged upon several substantive constitutional rights: first amendment freedom of expression; ninth amendment right to privacy; fourteenth amendment substantive due process; and fourteenth amendment equal protection.

With the exception of the equal protection claim, the substantive claims are disposed of by the Supreme Court's decision in *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976). In *Kelley* the Court upheld restrictions on hair length and facial hair for policemen.[2]

The Court found that the State's police power extended to the protection of persons and property through a uniformed police force, and that the State had wide latitude in the execution of this function and was entitled to a presumption of validity of the choices it made.

The test used was "whether [the] determination that such regulations should be enacted is so irrational that it may be branded 'arbitrary,' and therefore a deprivation of [a] 'liberty' interest in freedom to choose [a] hair style." *Id.* at 248, 96 S.Ct. at 1446. This test is drawn from *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). This type of test has generally been used in substantive areas where the Court felt it ought to defer to legislative choice.[3] Its use in *Kelley* seems

to indicate that the hair length of public employees is such an area.

The Assessor's office is carrying out tasks within the police power. The office is entitled to latitude in performing its functions, and the regulation is entitled to a presumption of validity. Particularly given the customer comments to which it was a response, we cannot find the regulation so irrational as to be a deprivation of liberty.

The *Kelley* Court subsumed ninth amendment claims equivalent to those raised in this case in the substantive due process claim discussed above. It rejected a first amendment claim on its merits. *Id.* at 244, 96 S.Ct. at 1444. The first and ninth amendment claims in this case have no more merit than those in *Kelley* and are rejected as well.

Neither is there any merit in the equal protection claim, *Campbell v. Beaughler,* 519 F.2d 1307 (9th Cir. 1975), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 855, 47 L.Ed.2d 82 (1976); *King v. Saddleback Jr. College Dist.,* 445 F.2d 932 (9th Cir.), *cert. denied,* 404 U.S. 979, 92 S.Ct. 342, 30 L.Ed.2d 294 (1971).[4]

### Due Process Claim

Plaintiffs also allege that they had a property interest in continued employment and that the procedures for termination of employment were not adequate under the due process clause.[5]

It appears that public employees who can be dismissed from their positions only "for cause" have a property interest in continuing employment. *Bishop v. Wood,* —— U.S. ——, —— n.8, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

---

**2.** *See also Quinn v. Muscare,* 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (1976) (fireman hair length regulation).

**3.** *See generally* Note, *Developments in the Law—Equal Protection,* 82 Harv.L.Rev. 1065 (1969); G. Gunther & N. Dowling, Cases & Materials on Constitutional Law 974–78 (8th ed. 1970).

**4.** Other circuits have held otherwise. *See e. g., Massie v. Henry,* 455 F.2d 779 (4th Cir. 1972); *Lansdale v. Tyler Jr. College,* 470 F.2d 659 (5th Cir. 1972).

**5.** There must be a deprivation of life, liberty, or property for there to be a due process issue. *Board of Regents v. Roth,* 408 U.S. 564, 569–71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Two of the plaintiffs [6] in this case were "temporary" employees, hired to fill positions to be in existence for only a limited period of time. Merit Rule 7.5. They are not given any guarantee that they will not be dismissed except for cause. Therefore it does not appear that they have a property interest in their positions and we affirm the district court's dismissal as to them.

■ The other two plaintiffs [7] were "permanent" employees, subject to dismissal only for cause.[8] Merit Rule 10. They did have a property interest, and can challenge the procedures for termination.

At least three of the members of the Supreme Court—Chief Justice Burger, and Justices Stewart and Rehnquist—are of the opinion that the property interest created by public employment is limited by the procedures set out for terminating it and that due process requires only that those procedures be complied with. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Rehnquist, J.). The procedures set out by the Merit Rules were followed here. See Merit Rule 10.

Other justices take the position that the Constitution is an independent source of procedural requirements once a property interest has been granted. *Id.* at 167, 94 S.Ct. 1633 (Powell, J., concurring, joined by Blackmun, J.); *Bishop v. Wood,* —— U.S. at ——, 96 S.Ct. at 2085 (White, J., dissenting, joined by Brennan, Marshall, and Blackmun, JJ.).

■ It appears that of the justices who look to the Constitution for procedural requirements, at least Justices Powell and Blackmun would uphold the system of Maricopa County involved here if backpay can be awarded to employees found to have been wrongfully dismissed. Justice Powell's opinion in *Arnett, supra,* reasoned that due process required a full hearing at some time before the deprivation became final. As the property in which the employee ordinarily has an interest is his income, where, as under the Maricopa County system, an adequate hearing is not provided until after payment of that income has been suspended, it must be possible to award backpay when the hearing is finally held to prevent the deprivation from being final without due process.[9]

Merit Rule 11.16 provides that "[t]he Commission shall have the power to direct appropriate remedial action . . . ." Whether such "appropriate remedial action" can include an award of backpay does not appear in the record before this court. There is, therefore, a material issue of fact to be resolved and the permanent employees' due process claim should not have been dismissed.

### Conclusion

That portion of the judgment dismissing the action for lack of exhaustion is reversed.

The dismissal of the temporary employees' claims is affirmed.

The dismissal of the permanent employees' claims is reversed solely on the due process issue and is remanded for further proceedings on that issue.

---

6. Apparently Jacobs and Gonzales.

7. Apparently Lentowski and Sandy.

8. "Cause" is defined in § 17 of the Resolution (Dec. 24, 1969) of the Maricopa County Board of Supervisors adopting the county merit system to include improper attitude, insubordination, and willful disobedience. There is no claim that, if plaintiffs' conduct is not substantively protected, there was not cause.

9. As it is only the view of two justices (albeit necessary to assure a majority of the Court on the due process issue) the notion that the deprivation is not final so long as backpay can be awarded does not change our holding on exhaustion, *supra.*