569 P.2d 812

The CITY OF FLAGSTAFF, a body politic, the Personnel Board of the City of Flagstaff, Don E. Vorhies, Fire Chief of the Flagstaff Fire Department, Charles K. McClain, City Manager of the City of Flagstaff, Frank Dickenson, a member of the Personnel Board, Opal Able, a member of the Personnel Board, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCONINO, the Honorable Richard K. Mangum, Judge of the Superior Court in and for the County of Coconino; and the Real Party in Interest Dennis BLEEKER, Respondents.

No. 13222.

Supreme Court of Arizona,
In Banc.

Sept. 7, 1977.

Mangum, Wall, Stoops & Warden by Robert W. Warden and Douglas J. Wall, Flagstaff, for petitioners.

Fred Belman, Tucson, for respondent Bleeker.

Beer, Kalyna & Simon by Olgerd W. Kalyna, Phoenix, brief amicus curiae for Maricopa County.

John H. Grace, Coconino County Atty., Flagstaff, brief amicus curiae for Coconino County.

Stephen D. Neely, Pima County Atty. by John C. Gabroy, Deputy County Atty., Tucson, brief amicus curiae for Pima County.

CAMERON, Chief Justice.

We accepted this petition for special action to review a decision of the Superior Court of Coconino County which held that the respondent, Dennis Bleeker, was wrongfully removed from his job as a fireman for the City of Flagstaff and that he be reinstated with pay and $3,500 in reasonable attorney's fees.

We must consider only one question on appeal and that is whether the respondent fireman was entitled, as a matter of due process, to a hearing before being terminated from his employment.

The facts necessary for a determination of this matter on appeal are as follows. Dennis Bleeker was employed by the City of Flagstaff as a fireman. Bleeker was well beyond the probationary period having

been employed as a fireman for approximately five and one-half years. When he was hired, the personnel rules provided that a non-probationary employee of the City of Flagstaff could be fired by the City Manager for cause only. The rules also provided for a post-termination hearing before the Personnel Board if requested by the employee. On 10 March 1975, the City of Flagstaff, by executive order, created an Internal Affairs Board for fire department matters. This was in addition to the City Personnel Board, and the order creating the Internal Affairs Board provided that any employee who disagreed with the Internal Affairs Board's finding could appeal to the City Personnel Board.

In August of 1975, an incident occurred in the city fire station in which Bleeker allegedly threatened to kill a fellow fireman. On 5 September 1975, pursuant to a request from his fire chief, Bleeker stated in writing his version of the incident. On 9 September 1975, Bleeker was called before the City Manager who informed Bleeker in writing and orally that he was being fired for cause; that he had used abusive language and threatened physical force against a fellow fire fighter and had been insubordinate.

Bleeker filed an appeal with the Personnel Board and a hearing was held on 25 September which, on 3 October 1975, upheld the actions of the City Manager. The Internal Affairs Board considered aspects of the matter on 22 October 1975 and upheld the actions of the Personnel Board and City Manager. Bleeker filed an action in the Coconino County Superior Court, and the court, on 22 March 1977, found that Bleeker had been improperly terminated. The court found:

"1. The City Manager's charter-created power to fire employees is restricted to a 'for cause' power since the council adopted the Personnel System Rules in 1971.

"2. These rules are lawful and fall within the scope of the 'merit system regulations' which the charter in Art. III, Section 3(c) specifically authorizes.

"3. The imposition of a 'for cause' standard created a liberty interest in petitioner.

"4. Except in case of a bona fide emergency, such a liberty interest may not be taken away from a city employee without a pretermination hearing.

"5. The lack of a pretermination hearing in this case denied due process to the petitioner.

"6. Petitioner is entitled to reinstatement with full pay.

"7. Petitioner is entitled to attorney's fees under A.R.S. Section 12–341.01."

We accepted jurisdiction of the petition for special action because of the state-wide importance of the matter in relation to other personnel rules and regulations in effect in the various cities throughout the State.

The Supreme Court of the United States in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), set forth a two-step process concerning cases involving a deprivation of governmental benefit. First, it must be ascertained whether the petitioner's interest in continued public employment is a constitutionally protected property or liberty interest. Second, if it is determined that the interest is a protected one, the petitioner's interest must be balanced against the government's interest in summary removal of an unsatisfactory employee.

In the instant case, it appears that firemen of the City of Flagstaff who can be dismissed from their positions "for cause" only, have a property or liberty interest in continuing employment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Jacobs v. Kunes*, 541 F.2d 222 (9th Cir. 1976). We must therefore consider whether, under the facts of the instant case, the petitioner could be terminated without a pre-termination hearing provided, of course, that a meaningful and prompt post-termination hearing is available to the terminated or suspended employee.

As a result of *Goldberg v. Kelly*, supra, the United States Circuit Courts of Appeal have split on this issue. The Eighth Circuit, relied upon by petitioner and the trial

court, has held that a regular employee, subject to dismissal only for cause, is entitled, at a minimum, to a pre-suspension or pre-discharge hearing even though the rules and regulations also entitle him to a post-termination evidentiary hearing before a personnel advisory board. *Kennedy v. Robb,* 547 F.2d 408 (8th Cir. 1976). In the view of the court in *Kennedy,* supra, the pre-termination hearing is not a final hearing but only a hearing to determine if there is cause to dismiss, with the employee still entitled to a full post-termination hearing:

"The need at this stage of proposed, dismissal is to minimize the employee's risk of wrongful termination, not a decision on the merits. That will come later, before the Advisory Board, with the full panoply of adversary confrontation. It is squarely at this point that plaintiff makes a formidable assertion, namely that he has a right to have his say before he is fired, particularly since in this situation the 'issues of credibility and veracity * * * play a significant role' (footnote omitted) in the decision reached.

"We thus balance the chance of error, mistake, or bias, resulting in the disastrous termination of employment, against the expense, the delay, and the administrative burden of trial with counsel, testimonial presentations, and the right of cross-examination." *Kennedy v. Robb,* supra, 547 F.2d at 414–415.

The United States Ninth Circuit Court of Appeals has, however, held to the contrary. In *Peacock v. Board of Regents,* 510 F.2d 1324 (9th Cir. 1975), cert. denied, 422 U.S. 1049, 95 S.Ct. 2668, 45 L.Ed.2d 701, the court held that the potential threat to the administration of the University of Arizona Medical School by the suspended head of the Department of Surgery outweighed the requirements of a hearing prior to suspension provided that a prompt post-suspension hearing was available. This case can, admittedly, be distinguished from the present case in that the employee doctor was suspended with pay rather than terminated without pay, but we believe the principles are applicable to a case of termination as well as suspension. The court did say, however:

"We emphasize that under different circumstances, involving a more serious intrusion on a protected property interest, such as the professorship, or on a 'liberty' interest, or an employment relationship in which loyalty and cooperation are less imperative, a pre-deprivation hearing may be required." 510 F.2d at 1330.

We believe that *Jacobs v. Kunes,* supra, holds that as long as a meaningful post-termination hearing is held and the employee has a chance to recover back salary if his termination is found to be unlawful, a person may be discharged without hearing when the interest of the employer indicates this is necessary.

In balancing the interest of the City of Flagstaff (and the public) in maintaining a loyal and efficient fire department with the interest of the petitioner to a pre-termination hearing, we believe the need of the petitioner to a pre-termination hearing is outweighed by the interest of the City of Flagstaff in the continued efficient operation of its fire department, provided, of course, that a prompt and meaningful post-termination hearing is available upon request. *Jacobs, Peacock,* supra. The need to prevent dissention or uproar in the department should allow a suspension or termination without hearing.

Because the matter was determined by the trial court in the belief that a pre-termination hearing was mandated, judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.