580 P.2d 6

Steven A. MONTES, Appellant-Cross Appellee,

v.

Schuyler LININGER, Chairman, Henry Leyva, Vice-Chairman, Racquel Goldsmith, Commissioner, Herschella Horton, Commissioner, and Paul D. Miner, Personnel Director and Secretary to the Commission, and the above members of the Civil Service Commission of the City of Tucson, Appellees-Cross Appellants.

No. 2 CA–CIV 2695.

Court of Appeals of Arizona, Division 2.

March 9, 1978.

Rehearing Denied April 12, 1978.

Review Denied May 23, 1978.

---

2. Anything to the contrary in our opinion in *Powell v. Klein*, 11 Ariz.App. 360, 464 P.2d 806 (1970), is expressly overruled.

Southern Arizona Legal Aid, Inc. by Leslie A. Nixon, Tucson, for appellant-cross appellee.

Frederick S. Dean, Tucson City Atty. by Thomas J. Wilson, Asst. City. Atty., Tucson, for appellees-cross appellants.

## OPINION

HOWARD, Judge.

Appellant was a parks maintenance worker for the City of Tucson and a permanent employee. On February 4, 1976 he was discharged from his employment. The "Personnel Action Form" which he received gave the following reasons for his discharge. (1) He was doing unsatisfactory work; (2) he was non-productive; (3) he did not cooperate with his supervisors; (4) he did not help his co-workers; and (5) he was continually "fooling around" on the job.

Since he was a permanent employee he was entitled to a termination hearing before the Civil Service Commission upon demand. He did so and a hearing was held on February 27, 1976. The Civil Service Commission upheld his discharge and on Sep-tember 23, 1976, appellant filed a special action in the Pima County Superior Court. After a hearing the trial court dismissed the special action.

Appellant contends the trial court erred in failing to reinstate him as an employee based upon the fact that he was denied due process of law by the failure of the City to give him a pre-termination hearing on procedure. We do not agree. The case of *City of Flagstaff v. Superior Court,* 116 Ariz. 382, 569 P.2d 812 (1977) is controlling:

"* * *

We believe that *Jacobs v. Kunes,* supra [541 F.2d 222 (9th Cir.)], holds that as long as a meaningful post-termination hearing is held and the employee has a chance to recover back salary if his termination is found to be unlawful, a person may be discharged without hearing when the interest of the employer indicates this is necessary.

In balancing the interest of the City of Flagstaff (and the public) in maintaining a loyal and efficient fire department with the interest of the petitioner to a pre-termination hearing, we believe the need of the petitioner to a pre-termination hearing is outweighed by the interest of the City of Flagstaff in the continued efficient operation of its fire department, provided, of course, that a prompt and meaningful post-termination hearing is available upon request. *Jacobs, Peacock [Peacock v. Board of Regents,* 510 F.2d 1324 (9th Cir.)], supra. The need to prevent dissention or uproar in the department should allow a suspension or termination without hearing.

* * *" 569 P.2d at 814.

While admittedly the facts in *City of Flagstaff,* supra, were much more aggravated, it is a matter of degree only and does not mandate a different conclusion here.[1]

The judgment is affirmed.

HATHAWAY, J., and RICHMOND, C. J., concur.

---

1. In *Jacobs v. Kunes,* 541 F.2d 222 (9th Cir. 1976), the employees were discharged because of the length of their hair.