593 P.2d 645

Leonard Glenn ROBERTS, Appellant,

v.

The CITY OF TUCSON, the City of Tucson Civil Service Commission, Paul Miner, Personnel Director for the City of Tucson, the City of Tucson Parks & Recreation Department, Gene C. Reid, Department Head for the City of Tucson Parks & Recreation Department, and James Ronstadt, Head of the Recreation Division for the City of Tucson Parks & Recreation Department, Appellees.

No. 13914–PR.

Supreme Court of Arizona,
In Banc.

March 7, 1979.

Rehearing Denied April 17, 1979.

Robert J. Hooker by Michael D. Jones, Tucson, for appellant.

Frederick S. Dean, City Atty. by Thomas J. Wilson, Asst. City. Atty., Tucson, for appellees.

HOLOHAN, Justice.

Appellant, Leonard Glenn Roberts, was discharged from his employment as recreation administrator for the City of Tucson. The Civil Service Commission of the city upheld the termination. Appellant sought relief by special action in the superior court, but that court denied relief. The Court of Appeals, Division Two, affirmed the decision of the superior court. We granted the appellant's petition for review to consider only one issue: Should the appellant have been afforded a pre-termination hearing before his discharge?

The appellant began his employment with the City of Tucson in July of 1972. By mid 1974 a change of supervisors occurred which seems to have resulted in conflicts between appellant and his supervisor. In December 1975 appellant's supervisor rated his performance satisfactory but a little on the low side. In February 1976 there were conversations between the supervisor and appellant concerning his termination. These conversations resulted in an agreement that the appellant would submit his resignation which was to become effective May 31, 1976, but the supervisor was to furnish ap-

**92**

pellant a favorable letter of recommendation.

Appellant concluded that he would not receive the promised letter of recommendation, so he withdrew his resignation on May 3, 1976. He was advised by his supervisor that he was terminated effective May 4, 1976. A notice of termination was given to appellant which contained 12 reasons for the discharge. Appellant appealed his termination with the result heretofore described.

■ It is conceded by all parties that the appellant was a permanent employee of the City of Tucson, who could be discharged only for cause. This right created by charter and ordinance of the city vested the appellant with a property right in his employment which cannot be taken without due process. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *City of Flagstaff v. Superior Court*, 116 Ariz. 382, 569 P.2d 812 (1977). Appellant maintains that he has not received due process.

There is no dispute that the procedure required for the city to terminate a permanent employee includes written notice, specification of the reasons for discharge, appeal to the Civil Service Commission, fair and prompt hearing within thirty days of the appeal, and award of back pay if the termination is found to be without cause. Appellant contends that this procedure is not sufficient. He contends that a pre-termination hearing is required for the taking of such an important property right. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Arnett v. Kennedy, supra.*

Whether pre-termination hearings are required in public employment dismissals was discussed by this court in *City of Flagstaff v. Superior Court, supra.* We pointed out that in dealing with a protected property interest there must be a balancing of the government's interest in summary removal of an unsatisfactory employee with the employee's interest in the continuation of his employment pending an evidentiary hear-

ing. The appellant does not contest this approach, but he argues that the *City of Flagstaff* case deals with a situation in which the governmental interest was compelling—the efficient operation of an emergency service. Appellant's employment involved recreation supervision. It is appellant's contention that no legitimate governmental interest required his immediate termination without a hearing.

■ We agree with appellant that the situation presented in the *City of Flagstaff* case is different. The governmental interest in efficient operation of emergency services far outweighs the property interest of the employee. This does not mean that a pre-termination hearing is necessary in all other types of non-emergency public employment. Although not as compelling as in emergency services, a city government has a substantial interest in the expeditious removal of undesirable employees. In his concurring opinion in *Arnett v. Kennedy*, Justice Powell wrote:

"In the present case, the Government's interest, and hence the public's interest, is the maintenance of employee efficiency and discipline. Such factors are essential if the Government is to perform its responsibilities effectively and economically. To this end, the Government, as an employer, must have wide discretion and control over the management of its personnel and internal affairs. This includes the prerogative to remove employees whose conduct hinders efficient operation and to do so with dispatch. Prolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency. Moreover, a requirement of a prior evidentiary hearing would impose additional administrative costs, create delay, and deter warranted discharges. Thus, the Government's interest in being able to act expeditiously to remove an unsatisfactory employee is substantial." *Arnett v. Kennedy*, 416 U.S. at 168, 94 S.Ct. at 1651.

█ In the balancing of interests the deprivation which occurs to the employee must be considered. In this case as in *Arnett v. Kennedy*, the primary detriment is the temporary interruption of appellant's income until the contest is heard. This detriment must be considered in light of the fact that an evidentiary hearing under the Tucson Civil Service Rules and Regulations must be held within thirty calendar days after discharge of the appeal (Rule XII, Section 4(a)), and, if the discharge is not sustained, the employee is entitled to his back pay. Weighing the respective interests in the context of the Tucson procedures, we believe that the temporary deprivation suffered by appellant is not sufficiently substantial to require a pre-termination hearing. *See Jacobs v. Kunes*, 541 F.2d 222 (9th Cir., 1976).

The other issues raised on appeal by the appellant were decided by the Court of Appeals, (*Roberts v. City of Tucson*, 122 Ariz. 125, 593 P.2d 679 (App.1978)), and we approve and adopt their opinion on those issues. The portion of the opinion of the Court of Appeals dealing with the issue of pre-termination hearings is vacated. The judgment of the superior court is affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.

CAMERON, Chief Justice, dissenting.

I regret that I must dissent.

As a result of the United States Supreme Court opinion in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), the courts have held that government employees who can only be dismissed for cause have a property or liberty interest in continuing employment, *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Jacobs v. Kunes*, 541 F.2d 222 (9th Cir. 1976), and may not be discharged without certain procedures being followed, including, in certain cases, a pretermination hearing. *Bishop* and *Kunes*, supra. In determining whether a pretermination hearing is required, we have held that the interest of the employer can sometimes outweigh the requirement for a pretermination hearing provided a prompt and meaningful post-termination hearing is available:

"In balancing the interest of the City of Flagstaff (and the public) in maintaining a loyal and efficient fire department with the interest of the petitioner to a pre-termination hearing, we believe the need of the petitioner to a pre-termination hearing is outweighed by the interest of the City of Flagstaff in the continued efficient operation of its fire department, provided, of course, that a prompt and meaningful post-termination hearing is available on request. [citation omitted] The need to prevent dissension or uproar in the department should allow a suspension or termination without hearing." *City of Flagstaff v. Superior Court*, 116 Ariz. 382, 384, 569 P.2d 812, 814 (1977).

In the instant case, Roberts was not in a public safety type position as was the employee fireman in *City of Flagstaff*, supra, nor involved in public health as was the case in *Peacock v. Board of Regents*, 510 F.2d 1324 (9th Cir. 1975), cert. denied 422 U.S. 1049, 95 S.Ct. 2668, 45 L.Ed.2d 701 (1975) where the court held that the potential threat to the administration of the University of Arizona College of Medicine by the suspended head of the Department of Surgery outweighed the requirement of a hearing prior to suspension provided, of course, that "a proper post-suspension hearing was available." It should be noted that in *Peacock*, the court cautioned

" * * * that under different circumstances involving a more serious intrusion on a protected property interest, such as the professorship, or on a 'liberty' interest, or an employment relationship *in which loyalty and cooperation are less imperative*, a pre-deprivation hearing may be required." 510 F.2d at 1330. (Emphasis added)

In the instant case, the need to promptly remove Roberts without a pretermination hearing fades away in light of the actions of the City of Tucson in keeping Roberts on the job from February through 2 May after they had decided to terminate his employment. In balancing the factors to be con-

sidered, *City of Flagstaff*, supra, I come to the conclusion that a pretermination hearing was required. I would point out in this regard, however, that the pretermination hearing need not be considered a final or conclusive hearing. The hearing would be only to determine if there is cause to immediately terminate the employee and the employee would still be entitled to a full, timely, and meaningful post-termination hearing. As was stated by the United States Eighth Circuit Court of Appeals:

"The need at this stage of proposed dismissal is to minimize the employee's risk of wrongful termination, not a decision on the merits. That will come later, before the Advisory Board, with the full panoply of adversary confrontation. It is squarely at this point that plaintiff makes a formidable assertion, namely that he has a right to have his say before he is fired, particularly since in this situation the 'issues of credibility and veracity * * * play a significant role in the decision reached.' (citation omitted)

"We thus balance the chance of error, mistake, or bias, resulting in the disastrous termination of employment, against the expense, the delay, and the administrative burden of trial with counsel, testimonial presentations, and the right of cross-examination." *Kennedy v. Robb*, 547 F.2d 408, 414–15 (8th Cir. 1976).

I believe a careful reading of *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), relied upon by the majority, actually supports the need for a pretermination hearing in this case. In *Arnett*, the regulations required that the employer *prior* to discharge had to furnish the employee a written notice of the proposed discharge action, a copy of the charges with a reasonable period of time for a written answer, and the employer then had to promptly furnish the employee with a decision. It could be argued that with such a procedure no pretermination hearing is necessary at all since the employee receives notice of the reasons for his termination and has a reasonable time in which to make a meaningful response to the charges. The United States Supreme Court in a 3–2–1–3

decision upheld the termination without a pretermination hearing, but Mr. Justice Powell, in writing for himself and Justice Blackmun, made it clear that he agreed with the 3-man majority only because of the prior notice provision of the regulation in question:

"Appellee also argues that the absence of a prior evidentiary hearing increases the possibility of wrongful removal and that delay in conducting a post-termination evidentiary hearing further aggravates his loss. The present statute and regulations, however, already respond to these concerns. The affected employee is provided with 30 days' advance written notice of the reasons for his proposed discharge and the materials on which the notice is based. He is accorded the right to respond to the charges both orally and in writing, including the submission of affidavits. Upon request, he is entitled to an opportunity to appear personally before the official having the authority to make or recommend the final decision. Although an evidentiary hearing is not held, the employee may make any representations he believes relevant to his case. After removal, the employee receives a full evidentiary hearing, and is awarded backpay if reinstated. See 5 CFR §§ 771.208 and 772.305; 5 U.S.C. § 5596. These procedures minimize the risk of error in the initial removal decision and provide for compensation for the affected employee should that decision eventually prove wrongful. [footnote omitted]

"On balance, I would conclude that a prior evidentiary hearing is not required and that the present statute and regulations comport with due process by providing a reasonable accommodation of the competing interests. [footnote omitted]" *Arnett v. Kennedy*, 416 U.S. at 170–71, 94 S.Ct. at 1652, 40 L.Ed.2d at 42–3.

Under the facts of this case, I believe Roberts was entitled to a pretermination hearing.

GORDON, Justice, concurring:

I concur with Chief Justice Cameron.