704 P.2d 809

Gene BOWER, Petitioner/Appellant,

v.

**ARIZONA STATE SCHOOL FOR THE DEAF AND THE BLIND; and Barry L. Griffing, Superintendent, Respondents/Appellees.**

No. 2 CA–CIV 5120.

Court of Appeals of Arizona, Division 2.

Dec. 28, 1984.

Review Denied March 19, 1985.

Gonzales & Villareal, P.C. by Richard J. Gonzales, Tucson, for petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Sarah A. Bailey, Tucson, for respondents/appellees.

## OPINION

BIRDSALL, Chief Judge.

This appeal is from a special action in the trial court wherein jurisdiction was taken but relief denied. Appellant had been a teacher at the Arizona State School for the Deaf and Blind (ASDB) for about 18 years. He was given notice on September 6, 1983, that he was suspended from duties with pay, pending an investigation of reports concerning his actions with regard to students at the school. On September 16, 1983, he was given written notice of dismissal from employment at the school pursuant to A.R.S. § 15–1326(B). Termination was effective immediately without further pay. Appellant's rights concerning appeal of the termination were outlined to him. He obtained an interlocutory order on September 23, 1983, staying any dismissal proceedings until his special action, also filed that day, was disposed of, and by special action to the Arizona Supreme Court obtained an additional stay of his termination hearing.

The appellant's claim in the lower court special action was that the respondent school and its superintendent, Barry L. Griffing, acted in disregard of provisions contained in the school's written teacher tenure policy purportedly adopted in 1977. Appellant alleged that the failure to follow that policy was arbitrary, capricious and an abuse of discretion, in excess of legal authority and a violation of legal duties over which the appellees had no discretion. Rule 3, Rules of Procedure for Special Actions, 17A A.R.S.

The particular sections in the policy provided that, upon a written statement of charges formulated by the board charging a teacher with cause for dismissal, the board could immediately suspend the teacher *with pay*. Then a requested hearing by a commission appointed by the board was to be commenced within 30 days.

Thus if the policy had been followed, appellant would not have been discharged without pay prior to a hearing. However, A.R.S. §§ 15–1301 to 1361 (formerly A.R.S. §§ 15–801 to 851) pertaining to administration of the school, provides that the superintendent of the school "may discharge for cause any person employed in the school. In the event of a discharge for cause the superintendent shall file with the board a written report of his actions and his reasons." A.R.S. § 15–1326(B).

 The trial court held that in view of the statutes, the board had no authority to discharge or continue an employee's salary. We agree. The record presents a question whether the school's tenure policy was actually adopted by it. Assuming, arguendo, that it was adopted in 1977, any of its provisions which are in conflict with the legislation governing the school are not enforceable. The school is created by the legislature and its duly enacted statutes control. *Cf. Olmsted & Gillelen v. Hesla,* 24 Ariz. 546, 211 P. 589 (1922). The school has only those powers specifically or impliedly granted it by statute. *Cf. Godbey v. Roosevelt School District No. 66,* 131 Ariz. 13, 638 P.2d 235 (App.1981). Actually the tenure policy which the board attempted to adopt was the public school district teacher tenure policy set forth in A.R.S. §§ 15–501 to 550. That legislation pertains only to certificated teachers employed under contract in a school district. It does not, by its very terms, pertain to employees of ASDB. If the legislature intended that tenure policy to apply to ASDB teachers, it could have done so. It did not. The ASDB board cannot do what the legislature did not do.

We also note that A.R.S. § 15–1325(C) provides that the board may remove the superintendent, and if its action is determined after hearing to be without cause, the superintendent is to be reinstated with-

out loss of pay. We understand this to mean that the superintendent is not to be paid in the interim. From this we analogize, although not necessary to our holding, that other employees are not to be paid pending appeal.

 The appellant also contends that due process requires both that his salary be continued and that he have a pretermination hearing. We do not agree with either contention. Due process, in this regard, requires only that the employee be afforded a post-termination hearing and full back pay benefits if the employee prevails. *Peacock v. Board of Regents*, 510 F.2d 1324 (9th Cir.), cert. denied, 422 U.S. 1049, 95 S.Ct. 2668, 45 L.Ed.2d 701 (1975) (involving no loss of salary); *Roberts v. City of Tucson*, 122 Ariz. 91, 593 P.2d 645 (1979); *City of Flagstaff v. Superior Court of Coconino County*, 116 Ariz. 382, 569 P.2d 812 (1977). The only deprivation to the appellant argued in the special action proceeding was the temporary interruption of his income until the hearing was held. This same deprivation was presented in *Roberts v. City of Tucson*, supra, and rejected. The trial court could hardly find that this warranted special action relief.

ASDB can provide the appellant with a due process review of his discharge. If the result is unfavorable to him he can contest it in the superior court, alleging any due process violation. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Bailey v. Richardson*, 182 F.2d 46, (D.C.Cir.1950), aff'd, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951). The argument that due process requires a continuation of salary defies common sense. Why should public funds be paid to an employee who has been discharged for cause and is no longer working, and who can recover the lost wages if vindicated? And if the discharge is upheld, how does the public body recover the wages paid? Not only is wage continuation not mandated by due process, it might constitute wasteful expenditure of public funds.

In the trial court the appellant also contended that A.R.S. §§ 15–539 and 540, pertaining to continuing teachers as defined in A.R.S. § 15–501, those employed under contract in a school district, were applicable. The trial court correctly found they were not. As we have already observed, the school is not a school district. That issue is not urged on appeal.

The trial court also found that, even if the school's tenure policies were not applicable as rules, there might be an obligation since the policies may have been incorporated in the appellant's contract. *See Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984). The trial court correctly found that appellant's possible contract rights were not properly before it in a special action inasmuch as he would have an adequate remedy by appeal of an adverse determination of his contract rights. To have determined his rights in the special action would have enlarged the scope of relief available in such actions. See Rule 1, Rules of Procedure for Special Actions, 17A A.R.S., and *State v. Superior Court of Maricopa County*, 128 Ariz. 216, 624 P.2d 1264 (1981).

Affirmed.

HATHAWAY and HOWARD, JJ., concur.