754 P.2d 304

**Richard T. BRUBAKER,**
**Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY,**
**Defendant/Appellee.**

No. 2 CA–CV 87–0122.

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 19, 1987.

Reconsideration Denied Dec. 29, 1987.

Review Denied May 24, 1988.

**578**

Law Offices of William J. Risner by Kenneth K. Graham and Law Office of Paul Saba by Paul Saba, Tucson, for plaintiff/appellant.

Ronald A. Lebowitz, P.C. by Louis A. Goodman, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Chief Judge.

Richard T. Brubaker appeals from a judgment of the superior court affirming a decision of the Arizona State Personnel Board (the board) refusing to grant him a new hearing based on his allegations of perjury by one witness at his post-termination hearings held in 1983. He argues on appeal as follows: 1) the trial court erred in failing to apply the Supreme Court's holding in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), to the present case; 2) the discharge for his violation of an order of confidentiality violates his first amendment right to freedom of speech; and 3) the trial court erred in failing to set aside the board's decision and in failing to review the record. He does not specifically argue that the board or the trial court erred in failing to grant a new trial based upon his claim of perjured testimony. Rather, his argument concerning the motion for new trial is limited to his claim that the board violated his due process rights when it "blindly adopted the Hearing Officer's finding without its own examination of the underlying facts [or] legal arguments as set forth in the record." We affirm the judgment of the superior court for the reasons hereafter stated.

### PROCEDURAL HISTORY

Brubaker's employment with the State of Arizona Department of Economic Security was terminated on December 7, 1982, by letter of dismissal. His appeal to the Arizona State Personnel Board was heard on twelve separate days between May 19, 1983, and August 17, 1983. The hearing officer issued findings of fact and conclusions of law and recommended affirmance of Brubaker's dismissal. On November 8, 1983, the board adopted the hearing offi-

cer's findings of fact, conclusions of law and recommendation for dismissal.

Brubaker appealed to the superior court, arguing that his termination violated his first amendment right to freedom of speech and that the board's procedure of adopting the hearing officer's report violated his right to due process. No appeal was taken by Brubaker from the September 17, 1984 judgment of the superior court affirming the board's decision, and the time for filing a notice of appeal expired on October 16, 1984.

In January 1985, Brubaker filed motions for new trial with the superior court and the board which were in reality motions brought pursuant to Rule 60(c), Ariz.R. Civ.P., 16 A.R.S., for relief from the final judgment of September 1984. The board determined it lacked jurisdiction to entertain the motion. The superior court, after hearing the motion based upon a claim of newly discovered evidence, remanded the case to the board solely for a determination of the issue raised in the motion. A hearing officer conducted a hearing and received evidence regarding allegations of perjury by a witness at Brubaker's post-termination hearing held in 1983. Brubaker also introduced for the first time an issue regarding denial of due process by failing to afford him a pretermination hearing based on the United States Supreme Court opinion in *Cleveland Board of Education v. Loudermill, supra,* decided on March 19, 1985.

The hearing officer recommended to the board that *Loudermill* not be applied retroactively and that Brubaker's motion based on prior perjured testimony be denied. Brubaker appealed the board's decision adopting the hearing officer's recommendation and now appeals from the judgment of the superior court affirming the board's decision not to afford him a new hearing.

**JUDGMENT OF SEPTEMBER 17, 1984**

 The judgment of the superior court affirming Brubaker's termination of employment provided as follows:

Being fully advised in the premises after considering the entire record on appeal, and being unable to find that appellant's First Amendment, procedural/substantive due process or equal protection rights were violated or that the decision of the Board was arbitrary or capricious,

IT IS ORDERED pursuant to A.R.S. § 12–911 affirming the decision of the State Personnel Board upholding appellant's dismissal from the Department of Economic Security.

The signed minute entry was an appealable judgment. *Focal Point, Inc. v. Court of Appeals,* 149 Ariz. 128, 717 P.2d 432 (1986). Because Brubaker did not timely appeal from that judgment, we are precluded by the doctrine of res judicata from considering either the due process issue, as it pertains to the board's review of the hearing officer's original decision, or the first amendment issue.

**MOTION FOR NEW TRIAL**

Brubaker's motion for new trial filed in January 1985 was based on affidavits alleging perjury of one witness at his 1983 post-termination hearing. The time for a new trial motion had expired, and we assume the court treated it as a Rule 60(c) motion. The superior court in April, 1985, remanded the matter by the following minute entry:

The Court finds, based on the affidavit of Steven E. Hockstad, and that [of] Mr. Gerald G. Felland, that Richard T. Brubaker has made out at least enough of a showing that the motion for new trial should be heard by the Hearing Officer of the State Personnel Board. Accordingly,

IT IS ORDERED that this matter be remanded to the Arizona State Personnel [B]oard with instructions that the Hearing Officer set a hearing with regard to Mr. Brubaker's Motion for New Trial and rule on said motion.

Pursuant to the remand order, a hearing was held where evidence was received supporting and disputing the allegations of perjury. Subsequent to receipt of evidence, the hearing officer recommended and the board approved denial of the mo-

tion. The board was required to limit its inquiry by the terms of the remand from the superior court and only had the authority to hear and rule on the issue of alleged perjury. Nevertheless, Brubaker then raised for the first time his right to pre-termination notice and opportunity to respond before dismissal as enunciated by the Supreme Court in *Loudermill*. The hearing officer recommended and the board agreed not to retroactively apply the *Loudermill* holding.

Brubaker argues for retroactive application because *Loudermill* did not establish any new pre-termination process. If we accept this argument as correct, then he was required to raise this constitutional issue at his post-termination hearing held in 1983. *DeGroot v. Arizona Racing Commission,* 141 Ariz. 331, 686 P.2d 1301 (App.1984); *Valley Vendors' Corporation v. City of Phoenix,* 126 Ariz. 491, 616 P.2d 951 (App.1980); *Griswold v. Mount Diablo Unified School District,* 63 Cal.App.3d 648, 134 Cal.Rptr. 3 (1976); *Gottschalk v. Hegg,* 89 S.D. 89, 228 N.W.2d 640 (1975). His failure to raise this constitutional issue before the board and his failure to appeal from the September 17, 1984 judgment prevent our review of that issue.

Brubaker's termination, following all of the due process procedures approved by the courts, was final in October 1984, and he is not entitled to retroactive application of *Loudermill.* *Loudermill* applies only to cases pending on appeal. Because Brubaker did not appeal the judgment affirming his discharge, his case was not pending on that date. *Compare Zavala v. Arizona State Personnel Board,* — Ariz. —, — P.2d — (1 CA–CIV 9015, filed Oct. 1, 1987). Further, it could only be considered as still pending in the event that the motion for new trial should have been granted. On appeal, we will not disturb the trial court's decision on a motion for new trial absent a finding of an abuse of its discretion. *Suciu v. Amfac Distributing Corp.,* 138 Ariz. 514, 675 P.2d 1333 (App.1983). We find no abuse in this case. Brubaker's due process rights were protected where he was present and offered

evidence and argument. *See* A.R.S. § 41–785. In addition, there is no evidence in the record to support his claim that the board failed to consider the record in making its decision, or that it failed to review the hearing officer's findings and conclusions. We affirm the board and the trial court on this issue.

However, rather than further extend the litigation arising from Brubaker's termination in 1983, we will assume *arguendo* that the issue was properly raised in a timely fashion before the hearing officer, and we will assume, therefore, that the case is still pending and affirm the judgment of the superior court dated February 2, 1987, affirming the board's decision not to grant a new hearing and refusing to retroactively apply *Loudermill.* *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Prior to *Loudermill,* it was universally held that a proper post-termination hearing satisfied the due process clause of the fourteenth amendment to the United States Constitution when a public employee was discharged. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Pima County v. Cardi,* 123 Ariz. 424, 600 P.2d 37 (1979); *Roberts v. City of Tucson,* 122 Ariz. 91, 593 P.2d 645 (1979).

Brubaker was given written notice and the reasons for his termination. All provisions of A.R.S. § 41–785 were followed. He appealed his discharge and received twelve days of evidentiary hearings where witnesses testified and were cross-examined and he presented his evidence and arguments. The superior court ruled on his appeal from the board's decision and decided his dismissal was justified. The superior court thereafter permitted the board to entertain his motion for a new hearing based on alleged perjury, and the board's decision, after another hearing, was reviewed and affirmed on appeal.

In view of the above, no valid purpose would be served by giving *Loudermill* ret-

roactive application requiring some form of informal pre-termination hearing consisting of written or oral notice of charges against Brubaker, an explanation of the employer's evidence and an opportunity to respond. The procedural history of Brubaker's case demonstrates careful protection of his due process rights according to the law existing before March 1985. An application of the law should not require a needless act. Why require the parties to go back to 1983, tell Brubaker what he already knows, fire him again, and replay the post-termination hearings and appeals which have already been held? No valid reason exists to place this burden upon the board.

In addition, to apply *Loudermill* retroactively raises the spector of all public employees who were terminated prior to *Loudermill* having access to the courts to set aside their dismissal and reopen their cases. Sound judicial policy requires us to follow the guidelines of *Chevron Oil* and determine that *Loudermill* should not be applied retroactively because it established a new principle of law by overruling *Arnett v. Kennedy*. The procedural history of Brubaker's case shows the disadvantages of retroactive application, and retroactive application would cause inequitable hardship upon state agencies and the courts to reopen and rehear the dismissals of civil service employees terminated before *Loudermill*.

Affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.