**Roseann V. SHAWIAK, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX; City of Phoenix Neighborhood Service Department, Defendants–Appellees.**

No. 05–16903.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Oct. 30, 2007.

David F. Gaona, Esq., Nicole Seder Cantelme, Esq., Gaona Law Firm National

---

Bank Plaza, Phoenix, AZ, for Defendants–Appellees.

Before: TROTT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Plaintiff Roseann Shawiak worked as a temporary employee for Defendant City of Phoenix. After the City terminated her employment, Plaintiff and her union filed an unsuccessful grievance and sought review by the Phoenix Employment Relations Board ("PERB") under a "meet and confer" ordinance, Phoenix City Code §§ 2–209 to–222. Such review was unavailable, though, because the ordinance provides it only for permanent employees. Plaintiff's 42 U.S.C. § 1983 claim, as the case reaches us, is that the district court erred when it held that the ordinance's distinction between permanent and temporary employees does not violate Plaintiff's equal protection rights.[1] On de novo review, *S.D. Myers, Inc. v. City & County of San Francisco,* 253 F.3d 461, 466 (9th Cir.2001), we affirm.

1. "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Rational basis review applies here.

Strict scrutiny applies only if an enactment directly and substantially interferes with a fundamental right. *Lyng v. Int'l Union,* 485 U.S. 360, 364–65, 108 S.Ct. 1184, 99 L.Ed.2d 380 (1988). The ordinance at issue did not interfere directly or substantially with Plaintiff's right to associate with a union and did not curtail her right to speak about the conditions or the termination of her employment.

Intermediate scrutiny generally applies only to discrimination on the basis of sex or illegitimacy. *Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988). Neither is in question in this case.

2. The "meet and confer" ordinance survives rational basis review. It is rational for the City to provide a more robust grievance procedure to permanent employees who have a property interest in their expectations of continued employment, *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and there need not be a perfect correlation between the means and the ends, *Heller v. Doe,* 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993).

AFFIRMED.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiff does not assert a procedural due process right to a hearing before the PERB. *See Jacobs v. Kunes,* 541 F.2d 222, 225 (9th Cir.1976) (holding that temporary employees had no property interest in their employment).